VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



Case No.      24-AP-332

*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

FEBRUARY TERM,   2025

Pélé Rivard et al.\* v. Town of Brattleboro

} APPEALED FROM:
}
} Superior Court, Windham Unit,
} Civil Division
} CASE NO. 23-CV-00255
Trial Judge: John Treadwell

In the above-entitled cause, the Clerk will enter:

Plaintiffs appeal pro se from the trial court's summary-judgment dismissal of their complaint against the Town of Brattleboro.\*  We affirm.

The record indicates the following.  Jeffrey Rivard was arrested and charged with domestic assault of his wife Pélé Rivard.  He was convicted in October 2022, and this Court affirmed his conviction on appeal.  See State v. Rivard, No. 23-AP-289, 2024 WL 2131487 (Vt. May 10, 2024) (unpub. mem.) [https://perma.cc/8XLW-5Y94].

In January 2023, Jeffrey, Pélé, and the parties' minor child, filed this complaint against the Town, raising various claims related to Jeffrey's arrest.  They essentially argued that the police should have taken Jeffrey in for an emergency mental-health evaluation rather than arresting him for assaulting Pélé.

The Town moved for summary judgment on various grounds.  Plaintiffs opposed the motion but only addressed the Town's argument regarding standing.  Plaintiffs also appeared to raise new claims and assert new theories of relief based on facts unrelated to those in their complaint, even though they had not sought to amend their complaint.  Plaintiffs also moved for sanctions against the Town's counsel, alleging that the attorney misrepresented information in the Town's motion for summary judgment.

The court granted summary judgment to the Town, relying on the following undisputed facts.  In November 2019, Jeffrey, Pélé, and the parties' two minor children, were temporarily

---

\* Jeffrey Rivard filed a notice of appeal, which we construe as being filed on behalf of all plaintiffs.  See V.R.A.P. 3(d)(2) ("A notice of appeal filed by a self-represented person is considered filed on behalf of the signer and the signer's spouse and minor children (if they are parties), unless the notice clearly indicates otherwise.").  For convenience, we refer to the adult parties by their first names.

living in a motel in Brattleboro. Jeffrey has been diagnosed with bipolar disorder and anxiety. He had not taken his prescribed mental-health medicine for about four months as of November 2019. On the evening in question, Jeffrey locked Pélé out of the parties' room when she arrived home from work. She banged on the door and yelled to be let in. Jeffrey eventually complied. The parties argued and threw things at one another. During the fight, Jeffrey scratched Pélé on the arm, grabbed her wrist, and grabbed her where her shoulder and neck meet. The parties' oldest child heard her mother screaming and called 911. The child told operators that Jeffrey hurt her mother.

The police responded to the scene and Jeffrey let them in. The officers placed Jeffrey in handcuffs "for everybody's safety." The officers found the parties' two children hiding in the bathroom of an adjoining motel room. Pélé recounted the assault to a responding officer. She stated that this was "not the first time" Jeffrey had gone after her and that "[w]hen he's not on his meds and not in therapy, he becomes . . . not the safest person to be around." Pélé expressed fear that Jeffrey would hurt her and "at some point he will break a bone." In her conversation with the officer, Pélé asked if there was any chance that Jeffrey would be taken in for a mental-health evaluation. The officer explained that because Jeffrey likely committed a crime, the decision to order a mental-health evaluation would be put before a judge, who might decide to order such an evaluation. Jeffrey was arrested for domestic assault and transported to the police department pending his arraignment. As indicated above, he was charged and convicted of domestic assault.

Plaintiffs argued that they were entitled to relief against the Town based on: (1) Title II of the Americans with Disabilities Act (ADA); (2) the Fourth Amendment to the U.S. Constitution; and (3) miscellaneous state laws. The court observed at the outset that, while plaintiffs' claims were ostensibly asserted by all three plaintiffs, Jeffrey was the only plaintiff who could possibly have a cause of action because Pélé and the minor child were third parties to his arrest.

With respect to the ADA claim, plaintiffs alleged that the police officers followed improper procedures and violated plaintiffs' rights when they arrested Jeffrey for assaulting Pélé. The court described the relevant provisions of the ADA and explained that while the ADA has broad applicability, its scope could be limited, including in the context of lawful arrests. Federal regulations explicitly limited the ADA's applicability when a direct threat is posed. See 28 C.F.R. § 35.139(a)-(b) (stating that public entity has no obligation "to permit an individual to participate in or benefit from the services, programs, or activities of that public entity when that individual poses a direct threat to the health or safety of others" and providing criteria to evaluate if "individual poses a direct threat to the health or safety of others"). The court applied the criteria set forth in the regulation and determined that the undisputed material facts showed that police reasonably relied on the best available objective evidence in handcuffing and arresting Jeffrey. This evidence included the child's 911 report and Pélé's disclosure of past abuse, present injury, and fear of future injury. The facts showed that the nature, duration, and severity of the risk that Jeffrey posed was high, as was the probability of future injury to Pélé. Given the presence of a significant risk, no reasonable modifications could mitigate the risks posed. Even if plaintiffs could prove that a benefit was denied or that discrimination occurred, the ADA exception applied because Jeffrey posed a direct threat.

The court also rejected plaintiffs' Fourth Amendment claim. While plaintiffs did not explain how Jeffrey's rights were allegedly violated, the court determined that the undisputed facts showed no unlawful entry or an unlawful arrest.

Finally, the court rejected plaintiffs' reliance on 18 V.S.A. § 7505(a)-(b) and 20 V.S.A. § 1871(i). It concluded that neither statute established any mandatory duty to refrain from

arresting Jeffrey and instead to take him in for treatment. Both laws afforded discretion to individuals in deciding what course of action to take.

The court thus concluded that plaintiffs failed to successfully oppose defendant's motion for summary judgment. Plaintiffs failed to establish the elements essential to support their ADA claim and they failed to establish a basis for relief for their remaining claims as they neither pled nor "respond[ed] with specific facts to raise a triable issue and demonstrate sufficient admissible evidence to support a prima facie case." The court thus dismissed plaintiffs' complaint and it denied plaintiffs' motion for sanctions as moot. This appeal followed.

It is difficult to discern plaintiffs' precise arguments on appeal. Plaintiffs appear to argue that this case should have been treated as a complex matter under Vermont Rule of Civil Procedure 16.1 and that the court foreclosed plaintiffs' ability to amend their complaint. Plaintiffs fail to show that they raised either of these arguments below and we therefore do not address them. See Bull v. Pinkham Eng'g Assocs., 170 Vt. 450, 459 (2000) ("Contentions not raised or fairly presented to the trial court are not preserved for appeal."); see also V.R.A.P. 28(a)(4) (stating that arguments in appellant's brief "must contain . . . the issues presented, how they were preserved, and appellant's contentions and the reasons for them—with citations to the authorities, statutes, and parts of the record on which the appellant relies").

Plaintiffs also take issue with the way in which the court recited the undisputed facts and they set forth their version of events. Plaintiffs contend that they were not required to respond to the motion for summary judgment by identifying specific triable facts given the liberal pleading standard in Civil Rule 8. They further assert that Jeffrey did not allow police officers to enter the home. Plaintiffs argue that they did present triable issues of fact, but they do not specifically identify any such facts; they simply reference the summary-judgment motion that they filed below.

We review a grant of summary judgment using the same standard as the trial court. Richart v. Jackson, 171 Vt. 94, 97 (2000). Summary judgment is appropriate when, taking the allegations made by the nonmoving party as true, there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. Id.; V.R.C.P. 56(a). "Where the moving party does not bear the burden of persuasion at trial, it may satisfy its burden of production by showing the court that there is an absence of evidence in the record to support the nonmoving party's case." Ross v. Times Mirror, Inc., 164 Vt. 13, 18 (1995). The nonmoving party then has the burden "to persuade the court that there is a triable issue of fact." Id.

Summary judgment was properly granted to the Town here. The trial court applied the appropriate standard in reaching its decision. Civil Rule 56, not Rule 8, controls the way in which a nonmoving party must respond to a motion for summary judgment. The Town asserted that Jeffrey opened the door for the officers and retreated into the motel room. Indeed, plaintiffs stated in their opposition motion that Jeffrey allowed the officers to enter, citing to the same police-officer-body-camera footage that was cited by the Town. The court did not err in finding it undisputed that when the police arrived, Jeffrey "answered the door and allowed them to enter." We agree with the trial court that plaintiffs failed to identify any triable issues of fact or establish a prima facie case for their legal claims. The undisputed facts support the trial court's decision that the Town was entitled to summary judgment in its favor on all claims.

Finally, plaintiffs argue that defense counsel made misrepresentations of fact that warranted sanctions under Civil Rule 11. Specifically, they assert that the Town's counsel erred in stating that Jeffrey voluntarily chose not to take his medicine in the months leading up to the

3

assault. According to plaintiffs, Jeffrey's medicine was locked in storage as the result of a housing scam, apparently caused by Pélé.

The Town alleged as an undisputed fact that Jeffrey stopped taking his medicine for four months prior to the assault. The court found this fact to be undisputed and plaintiffs do not appear to argue otherwise. In its legal argument regarding standing, the Town questioned, among other things, whether Jeffrey could establish causation for any injury that he allegedly suffered as he had voluntarily stopped taking his medicine. In responding to the motion for sanctions below, the Town set forth the evidence it believed supported this assertion. Its characterization is grounded in the evidence and would not support Rule 11 sanctions, even if the court had not denied the motion as moot. See V.R.C.P. 11(b) (stating in relevant part that attorney who files pleading with court certifies "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . [that] the allegations and other factual contentions have evidentiary support, or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery"). We have considered all of the arguments discernable in plaintiffs' brief and conclude that they are all without merit.

Affirmed.

BY THE COURT:

Harold E. Eaton, Jr., Associate Justice

Karen R. Carroll, Associate Justice

Nancy J. Waples, Associate Justice

4